# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**JOHN MOSS, III,**

       *Petitioner*,

v.                                  **Civil Action No. 2:09-cv-01406**

**DAVID BALLARD,  Warden,**
**Mount Olive Correctional Complex,**

       *Respondent*.

_____

## RESPONDENT'S ANSWER ON THE LIMITED ISSUE OF TIMELINESS OF THE PETITION AND EXHAUSTION OF AVAILABLE STATE COURT REMEDIES
_____

### I.

### <u>INTRODUCTION</u>

John Moss, III (hereinafter "the Petitioner"), filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus on December 15, 2009.  By order entered January 6, 2010, the Honorable Mary E. Stanley, United States Magistrate Judge, ordered  the Respondent to file an answer "solely on the issues of timeliness of the petition and exhaustion of state court remedies."

## II.

## PROCEDURAL HISTORY

**A.     PROCEEDINGS IN STATE COURT.**[1]

**1.     The Kanawha County Conviction.**

The appellant, John Moss, Jr., was convicted by a jury in the Circuit Court of Kanawha County on April 30, 1984, of three counts of first degree murder, without recommendation of mercy, and was sentenced to three consecutive life without mercy sentences.  The horrifying facts of this case are substantially set forth in *In the Interest of John Moss, Jr.*, 170 W. Va. 543, 295 S.E.2d 33 (1982), wherein the appellant challenged the circuit court's initial order transferring the appellant from the circuit court's juvenile jurisdiction to its adult jurisdiction.  Due to error in the initial transfer proceeding, this Court reversed the circuit court's transfer order and remanded the matter for further proceedings.

After conducting a second transfer hearing, the circuit court entered another order on September 28, 1982, granting the prosecution's motion that the appellant be transferred from juvenile to adult jurisdiction.  The grand jury later returned an indictment charging the appellant with three counts of murder in the first degree, and he was tried, convicted, and sentenced as an adult.  He now seeks reversal of his convictions based on numerous assignments of error.  Those assignments are detailed below, where we conclude that the appellant is entitled to a new trial.

*State v. Moss*, 376 S.E.2d 569, 772 (W. Va. 1988). (Resp't Ex. 1.)[2]

Petitioner was re-tried, re-convicted, and re-sentenced to three life terms without the

possibility of parole on June 1, 1990. (Resp't Ex. 2 at line 153.)

---

[1]The crimes subject of the instant petition occurred in 1979.  Petitioner began challenging the charges before the trial and has continued nearly unabated for 30 years.  Petitioner first appealed the order transferring him to adult status which resulted in the signed opinion *In The Interest of John Moss, Jr.*, 295 S.E.2d 33 (W. Va. 1982) (Resp't Ex. 19.)  In all, Petitioner has received three reviews and opinions from the West Virginia Supreme Court, filed five petitions for writ of habeas corpus in state court (including the West Virginia Supreme Court), and had two trials.  For purposes of this Answer, and for the sake of brevity, Respondent includes only relevant court history and minimal exhibits  in order to cut down on over-burdensome records requests. No exhibits or procedural history are included herein regarding Petitioner's first conviction.

2

Petitioner appealed his second conviction to the West Virginia Supreme Court of Appeals (WVSCA) on March 12, 1991, claiming the following grounds for relief:

1.  The trial court committed reversible error when it admitted petitioner's confessions of the Reggettz murders into evidence.

2.  Improper closing arguments by the prosecution denied the Petitioner a fair trial.

3.  The improper admission of serology test results denied the Petitioner a fair trial.

4.  Petitioner was deprived of effective assistance of counsel and equal protection of the law.

The court denied the petition on March 12, 1991. (Resp't Ex. 3.)

B.     **STATE POST-CONVICTION PROCEEDINGS.**

1.     **First Habeas Petition Filed in the Circuit Court of Kanawha County.**

Petitioner filed the first of four petitions for writ of habeas corpus in Kanawha County Circuit Court on August 18, 1994 (Case No. 94-MISC-663). (Resp't Ex. 4.) The habeas court appointed counsel and following a full hearing, addressed the merits of Petitioner's claims, and dismissed the petition on January 30, 2003. (Resp't Ex. 5.)

On July 6, 2003, Petitioner appealed claiming the following grounds for relief:

A.   Whether the trial court erred in ruling that *Zain I* not only was inapplicable to Petitioner's case, but would not have provided the basis for habeas corpus relief even if it did apply, where the Trooper Zain: (1) personally went to the scene of the crime; (2) personally looked for and gathered physical evidence at the crime scene; (3) personally performed the critical testing of the evidentiary items that he had observed and gathered; (4) is the only serologist to testify in both of Petitioner's trials; (5) presented the key evidence allowing the jury to decide which of the two confessions to believe; and (6) had more personal involvement in this case than any other habeas corpus action filed pursuant to *Zain I?*

B.    Whether the trial court erred in holding that any scientific problems with Trooper Zain's testimony constituted harmless error beyond a reasonable doubt, where both experts agreed that no one could vouch for the accuracy of the work performed by Trooper Zain in this case, Petitioner's expert specifically identified numerous errors by Trooper Zain and concluded that Trooper Zain's results in this case were "meaningless," and many of the errors identified were consistent with the errors found by the ASCLD experts in *Zain I*?

C.    Whether the trial court erred, in light of the totality of the circumstances, which now includes the fact that Trooper Zain had a history of faking data and in light of the conflicting confession initially given by Mr. Reggettz, in concluding that Petitioner's alleged confessions were voluntary and admissible?

(Resp't Ex. 6.)

On December 4, 2003, the court granted the appeal.   By *per curiam* opinion issued July 16, 2004, the court affirmed the order of the state habeas court in *Moss v. Trent*, 603 S.E.2d 656 (W. Va. 2004). (Resp't Ex. 7.)   The court issued the mandate on September 9, 2004. (Resp't Ex. 6.)

### 2.    Petition for Writ of Certiorari to the Supreme Court of the United States.

Petitioner filed a petition for writ of certiorari to the Supreme Court that was thereby denied on January 24, 2005.  (Resp't Ex. 8.)[3]

### 3.    Second Petition State Habeas Petition.

On July 7, 2005, Petitioner, *pro se*, filed a second petition for habeas corpus in state court (05-MISC-298). (Resp't Ex. 9.)  The circuit court addressed the merits of Petitioner's claims and dismissed the petition on February 7, 2006. (Resp't Ex. 10.)  Petitioner, *pro se*, appealed on July 22, 2006 claiming the following grounds for relief:

---

[2]This was not a tolling event. *Rhines v. Weber*, 544 U.S. 269, 274-2754-275 (2008) (collateral federal proceedings do not toll the statute, only a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2)).

a.    The trial court abused its discretion and violated the due process and equal protection provisions of the West Virginia Constitution when it summarily refused appellant's request for habeas corpus relief and dismissed his petition.

    1.    The trial court abused its discretion and committed reversible error in ruling that the first two confessions were admissible under the "law of the case" doctrine.

    2.    The factual determination by the West Virginia Supreme Court of Appeals that no prompt presentment objections were entered on the first two alleged confessions is clearly erroneous and works a manifest injustice.

    3.    Appellant was deprived of the Sixth Amendment's guarantee of the effective assistance of counsel.

    4.    Appellant did not receive a full and fair hearing on his motion and memorandum to suppress samples of blood, confession, and other physical evidence seized due to the improper tactics of Fred S. Zain and the West Virginia State Police Troopers and Crime Laboratory.

    5.    Appellant's Sixth Amendment right to a fair and impartial jury and the Fourteenth Amendments' guarantees of due process were contravened when the State knew, or should have known, of the false or misleading testimony and evidence presented by a State witness.

    6.    The trial court abused its discretion and committed reversible error when it admitted Appellant's blood samples, confessions and all evidence incident thereto into evidence when the samples of blood were obtained in violation of federal and state constitutional rights.

    7.    Improper closing arguments by the prosecution denied appellant a fair trial.

(Resp't Ex. 11.)

The court refused the petition on December 6, 2006. (*Id.*)

5

4.     **Third State Habeas Petition.**

While his second state habeas was still pending, Petitioner, *pro se*, filed his third state habeas on June 22, 2006 (06-MISC-245). (Resp't Ex. 12.)  The court, relying on prior proceedings and the findings in the second state habeas, denied the petition on October 16, 2006. (Resp't Ex. 13.) Petitioner, *pro se*, appealed on March 5, 2007, claiming the following grounds for relief:

1.     The trial court abused its discretion and committed reversible error in violation of due process when it summarily denied and dismissed Petitioner's petition under West Virginia Code § 53-4A-1 for writ of habeas corpus without following the requirements of the statute and directives of this court from the decision in the case, *In The Matter of : Renewed Investigation of the State Police Crime Laboratory, Serology Division*.

(Resp't Ex. 14.)

The court denied this habeas on July 9, 2007. (*Id.*)

5.     **Fourth State Habeas Petition.**

On September 28, 2007, Petitioner, *pro se*,  filed his fourth state habeas. (Resp't Ex. 15.) The habeas court summarily dismissed the petition on March 30, 2009. (Resp't Ex. 16.)  Petitioner appealed on August 6, 2009, claiming the following ground for relief:

1.     The circuit court committed reversible error by making erroneous findings of facts and conclusions of law.

(Resp't Ex. 17.)

The court denied the appeal on November 30, 2009. (*Id.*)

6

6.   **Petition for Writ of Habeas Corpus Filed in the Original
     Jurisdiction of the West Virginia Supreme Court.**

On July 31, 2007, Petitioner filed a petition for writ of habeas corpus in the original

jurisdiction of the West Virginia Supreme Court. (Resp't Ex. 18.) The court denied the petition

without addressing the merits of the claims on September 13, 2007.[4] (*Id.*)

C.   **FEDERAL PROCEEDINGS.**

On December 15, 2009, the Petitioner filed the present petition for federal habeas relief

pursuant to 28 U.S.C. § 2254 raising the following grounds for relief:

1.   The lower court's ruling that Petitioner's confessions were voluntary is
     clearly against the weight of the evidence presented and an unreasonable
     application of the clearly established federal law as announced by the United
     States Supreme Court.

2.   Petitioner's due process rights guaranteed by the Fourteenth Amendment to
     the United States Constitution were violated and the lower court's ruling was
     contrary to and/or an unreasonable application of clearly established federal
     law as announced by the United States Supreme Court and/or an
     unreasonable determination of the facts of the case.

     (a)   The confessions were obtained through exploitation of
           custody obtained through a statutorily defective transfer
           pursuant to the Interstate Agreement on Detainers.

     (b)   The confessions were obtained as the result of the Police's
           intentional failure to comply with the juvenile prompt
           presentment statute, W. Va. Code 49-5-8-(d).

     (c)   The confessions were obtained through coerced waivers of
           Petitioner's constitutional rights.

     (d)   The West Virginia Supreme Court of Appeals Erroneously
           Ruled that no objections were entered at petitioner's first trial
           on two of Petitioner's three confessions.

---

[3]As will be more fully set forth below, because this petition is irrelevant for purposes of
exhaustion and effects timeliness only, the claims raised therein are not included.

      (e)     The second trial court ruled that the two confessions in question were admissible under the law of the case doctrine.

      (f)     The lower court admitted Petitioner's confessions to the Reggettz murders into evidence at trial.

3.     Petitioner did not receive a full and fair hearing on his motion and memorandum to suppress samples of blood, confession, and other physical evidence seized due to the improper tactics of Fred S. Zain and the West Virginia State Police Troopers and crime laboratory and Petitioner's due process rights were violated. The lower court's rulings were contrary to and/or an  unreasonable application of clearly established federal law as announced by the United States Supreme Court, or an unreasonable determination of the facts as set forth in the record.

4.     Petitioner's Sixth Amendment right to a fair trial and impartial jury was contravened when the State knew or should have known, of the false or misleading testimony and evidence presented by a State witness and the lower courts' rulings were contrary to or an unreasonable application of clearly established federal law as announced by the United States supreme court and/or was an unreasonable determination of the facts as set forth in the record.

5.     The admission of Petitioner's blood samples, confessions and all evidence incident thereto violated Petitioner's right to a fair trial when the samples of blood were obtained in violation of federal constitutional rights and the rulings of the lower courts are contrary to or an unreasonable application of clearly established federal law as announced by the United States Supreme Court, and/or an unreasonable determination of the facts as set forth in the record.

6.     Improper closing arguments by the prosecution denied Petitioner his federal constitutional rights to a fair trial and due process of law, the lower courts' rulings are contrary to or an unreasonable determination of the clearly established federal law as announced by the United States Supreme Court, and/or an unreasonable determination of the facts as set forth in the record.

7.     Petitioner's guarantee to equal protection and the due process of law were violated when the lower courts failed to provide him with the appointment of counsel and a full habeas corpus evidentiary hearing, inasmuch, the circuit court failed to abide by the West Virginia Supreme Court's mandate, and the West Virginia Supreme Court of Appeals failed to honor its own mandate thereby the lower court's ruling is contrary to or an unreasonable application

of clearly established federal law as announced by the United States Supreme Court, or an unreasonable determination of the facts as set forth in the record.

8.      Petitioner's incarceration is illegal and in violation of his constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitutions respectively , and the lower courts' ruling is contrary to or an unreasonable application of clearly established federal law as announced by the United States Supreme Court, or an unreasonable determination of the facts as set forth in the record.

9.      Petitioner was denied his right to effective assistance of counsel guaranteed to him through the Sixth and Fourteenth Amendments to the United States Constitution, and the court's rulings below were contrary to or an unreasonable application of clearly established law as announced by the United States Supreme Court and/or an unreasonable determination of the facts as set forth in the record.

      A.      Counsel failed to bring to the trial and appellate court's attention the fact that the two October 28, 1980, confessions were the subject of an extensive  motion and memorandum hearing and testimony and was, in fact, objected to by counsel prior to the first trial, based on, inter alia, W. Va. Code § 49-5-8(d).

      B.      If trial counsel, at the first trial, failed to object to the West Virginia authorities' failure to promptly present the juvenile defendant to a neutral judicial officer prior to taking Petitioner's alleged confessions.

      C.      Trial counsel failed to conduct adequate investigation into the facts and law of the case prior to Petitioners' second trial.

      D.      Appellate counsel failed to conduct adequate investigation and research prior to perfecting and filing a petition for appeal from Petitioner's second trial.

10.      Petitioner's due process rights were violated by the State's withholding of exculpatory and/or impeachment evidence and the lower courts' rulings were contrary to and/or an unreasonable application of clearly established federal law as announced by the United States Supreme Court, and/or an unreasonable determination of the facts as set forth in the record.

9

## III.

## ANSWER ON ISSUE OF TIMELINESS

**A.    THE PRESENT PETITION APPEARS TO BE TIMELY FILED.**

Based upon the Procedural History as set forth above, it appears that the present federal petition was timely filed within the one-year period of limitation prescribed by 28 U.S.C. §2244(d).

**1.    The AEDPA's Period of Limitation for Filing Federal Habeas Corpus Petitions.**

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), effective April 24, 1996, provides in pertinent part:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the  United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2. **Application of the AEDPA's Period of Limitation to Petitioner's Claims.**

The Petitioner's present federal habeas petition was filed on December 15, 2009, and is consequently subject to the period of limitation contained in the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that provisions of AEDPA amending 28 U.S.C. § 2254 govern habeas petitions filed after April 24, 1996); *accord*, *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371(1998).

Section 2244(d)(1) requires a court to measure the one-year period of limitation from the latest date established in Sections 2244(d)(1)(A) through (D). Petitioner does not claim that a new United States Supreme Court case retroactively applies to his petition; that he was prevented from filing this petition by government action; nor that the factual predicate of his claim was recently discovered; therefore, Sections 2244 (d)(1)(B), (C), and (D) are inapplicable to the present federal petition. Therefore, the only determination to be made is whether or not the Petitioner has filed his federal habeas petition within one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), subject to the tolling provisions of 28 U.S.C. § 2244(d)(2).

In this case, Petitioner's conviction became final ninety days after the West Virginia Supreme Court refused his direct appeal on March 12, 1991–well before the enactment of the AEDPA. The Court of Appeals for the Fourth Circuit has held that a prisoner whose statutory right to seek federal habeas corpus relief accrued prior to the enactment of the AEDPA has one year from the effective date of the statute to challenge a conviction which became final prior to April 24, 1996. *Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir. 1998).

This one-year grace period begins to run on April 25, 1996.  *See* Fed. R. Civ. P. 6(a) ("In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."); *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (applying Rule 6(a) to computation of one-year limitation period under AEDPA).  Absent a tolling event, the last date on which a petitioner whose conviction became final prior to the AEDPA can file a timely federal habeas corpus petition under the statue is April 24, 1997. (*Id.*)

   3.    **Application of the Tolling Provision to Petitioner's Claims.**

   Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

   When the Petitioner's one-year limitation period commenced on April 25, 1996, the statute was tolled from the outset by Petitioner's first petition for habeas corpus filed August 18, 1994.  Petitioner's first habeas remained pending until September 9, 2004, when the WVSCA issued the mandate in *Moss v. Trent*, 603 S.E.2d 656 (W. Va. 2004), affirming the lower court's order denying habeas relief.

   The statute then ceased to toll and began to run on September 10, 2004.  The statute ran for 300 days until Petitioner filed his second state habeas on July 7, 2005.  While Petitioner's second state habeas was still pending and the statute was already tolled, he filed his third state habeas on June 22, 2006.  Petitioner's second-habeas appeal was refused on December 6, 2006, but the statute remained  tolled by Petitioner's third state habeas until the WVSCA denied the appeal thereof on July 9, 2007.

With sixty-five days remaining in the one-year limitation period, the statute began to run again on July 10, 2007, and ran for twenty-one days until Petitioner filed a petition for writ of habeas corpus in the original jurisdiction of the WVSCA on July 31, 2007. The statute was then tolled until the WVSCA refused Petitioner's habeas on September 13, 2007.

With forty-four days left, the statute then began to run again on September 14, 2007, and ran for fifteen days until Petitioner filed his fourth state habeas on September 28, 2007. The statute remained tolled until the WVSCA refused Petitioner's appeal thereof on November 30, 2009.

With twenty-nine days left, the statute began to run on December 1, 2009, and ran for fourteen days until Petitioner filed the instant petition on December 15, 2009--fifteen days before the one-year statute expired.

### IV.

### ANSWER ON EXHAUSTION

**1.    Exhaustion Requirements.**

Title 28 U.S.C. § 2254 provides in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that --

(A) the applicant has exhausted the remedies available in the courts of the state; or

(B)(i)  there is an absence of available State corrective process; or

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

In order to exhaust state remedies, a petitioner must properly place his federal claims before the state's highest court. *See, e.g.*, *Matthews v. Evatts*, 105 F.3d 907, 911 (4th Cir.1997). Moreover,

"[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In West Virginia, a prisoner may exhaust state remedies by either direct appeal, *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995), or by filing a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, *et seq.*, followed by a petition for appeal of any adverse ruling to the Supreme Court of Appeals. *Bayerle v. Godwin*, 825 F. Supp. 113, 114 (N.D. W. Va. 1993).

Under West Virginia's habeas statutes, a habeas petitioner is entitled to only one omnibus habeas corpus hearing in which he must present all his claims, and the claims not presented are waived. *See* W. Va. Code § 53-4A-1 *et seq.; Losh v. McKenzie*, 277 S.E.2d 606, 610-11 (W. Va. 1981). If the circuit court denies a petition for habeas corpus, a petitioner can file a petition for appeal from the denial of habeas relief. *See* W. Va. Code § 53-4A-9. Only claims properly raised in the omnibus proceeding can be reviewed on appeal. As the West Virginia Supreme Court of Appeals in *Losh* held, "once a circuit court grants a pro se habeas corpus petition and appoints counsel for the petitioner, both counsel and the petitioner must raise all issues which are known to them or which with reasonable diligence, would become known to them." Once the petitioner has had a full round of state circuit court habeas proceedings and an appeal therefrom, he may not again proceed to request relief in state court (with limited exceptions). *Id.*, Syl. pt. 4.

To satisfy exhaustion sufficient to receive review in federal habeas corpus, a petitioner must further show that the claims he raised in the state proceedings are identical to the claims he now seeks to raise in this federal habeas case. *Pitchess v. Davis*, 421 U.S. 482, 487 (1975); *Picard v.*

*Connor*, 404 U.S. 270, 275-76 (1971).  The same factual grounds must be raised in support of the claims and a specific federal constitutional claim must be raised in the state proceedings.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*).

2.      **Exhaustion as Applied to Petitioner's Case.**[5]

In this case, Petitioner has had four rounds of proceedings in state court, two trials, and three opinions issued from the West Virginia Supreme Court.  In Petitioner's first state habeas, he was appointed counsel and provided with a full hearing followed by an appeal that resulted in an opinion from the WVSCA.[6]  Therefore, Petitioner is barred from returning to state court.

The exhaustion requirement does not require the prisoner to return to state court if the claims are procedurally barred in state court.  *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990).  Instead, claims not presented to the highest state court, and which are procedurally defaulted, will be deemed exhausted.  *Gray v. Netherland*, 518

---

[4]Respondent's answer on this issue is general.  An analysis of the minutia of Petitioner's claims would require an answer more extensive than one on the merits.  Petitioner's claims are so repetitive that it's sometimes difficult to distinguish them from one another. However, most all of Petitioner's claims are rooted in two issues--the admission of the serology evidence and his confession.  Inasmuch as the foundation of the vast majority of Petitioners's claims rests on these two issues, Respondent has liberally construed the issue of exhaustion in Petitioner's favor.

[5]Three cases emerged from the WVSCA as a result of the actions of Trooper Fred Zain in falsifying serology evidence that was relied on in numerous prosecutions in West Virginia.  (*See In the Matter of an Investigation of the West Virginia State Police Crime Laboratory,* 438 S.E.2d 501 (W. Va. 1993) ("*Zain I*"); *In the Matter of An Investigation of the West Virginia State Police Crime Laboratory*, 445 S.E.2d 165 (W. Va. 1994) ("*Zain II*"); and *In the Matter of Renewed Investigation of the State Police Crime Laboratory,* 633 S.E.2d 762 (W. Va. 2006) ("*Zain III*").) Although convictions in so-called *Zain* cases are entitled to additional review pursuant to the *Zain* line of cases, whether Petitioner is entitled to further review in state court thereunder is not a matter for federal habeas corpus or for the federal courts. An allegation that the state violated one of its own statutes or rules does not state a claim cognizable in federal habeas corpus.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

U.S. 152, 161-62 (1996).  "However, the procedural bar which gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the Petitioner can show cause and prejudice for the default."  *Id.* at 161.

As noted in the procedural history, Petitioner has been attacking his convictions for nearly thirty years. The record in this case is massive and overwhelming. The evidence as well as Petitioner's confession have been the subject of seemingly endless litigation in post-conviction proceedings and any number of fact determinations made during the trial proceedings.  Whether procedurally barred or properly presented to the state courts, all of Petitioner's claims are exhausted and his remedies spent.

1.   **Grounds One And Two Challenging The Voluntariness of Petitioner's Confession Have Been Litigated For Thirty Years.**

On September 26, 1980, while the appellant was serving a term of four to twenty-five years at the Ohio State Reformatory for felony convictions in Ohio, the Kanawha County prosecutor's office lodged a detainer and sought custody of the appellant . . . . The purpose of the detainer was to obtain a determination by the Circuit Court of Kanawha County of whether the appellant was a delinquent child . . . . The delinquency petition and detainer were based on a malicious wounding charge, unrelated to the instant homicides, pending against the appellant in Kanawha County.  On October 28, 1980, two [troopers] . . . traveled to Ohio, took the appellant into custody, and returned with him to West Virginia. . . . The appellant subsequently made three inculpatory statements regarding the murders to the West Virginia authorities.  One of the statements was tape recorded. . . .

*State v. Moss*, 376 S.E.2d at 576.

The WVSCA ruled that all three confessions were voluntary, but excluded one of them because of a violation of the prompt presentment rule. At least four different reviews of the voluntariness issue have been conducted–in Petitioner's transfer hearing, in the first trial, in the appeal, and again at the Appellant's second trial.  In all cases, the admitted confession was held to

be voluntary and admissible.  *See State v. Moss, supra*; *In the Interest of John Moss, Jr.*, 295 SE.2d 33 (W. Va. 1982).  The issue was again addressed in *Moss v. Trent*, 603 S.E.2d 656 (W. Va. 2004).

Grounds one, two and eight (ground eight contains language regarding both the admissibility of the blood evidence and confession) challenging the admission of Petitioner's confession have been properly exhausted.        .

### 2.  Petitioner's Claims Challenging The Admission Of Serology Evidence Have Been Addressed Numerous Times And Are Properly Exhausted.

Ground three, four, five and eight, challenging the admission of blood evidence at trial, have been raised even more extensively that the admission of Petitioner's confession.

The issue of the validity of the challenged blood evidence and whether or not it was prejudicial to Petitioner's conviction was addressed in all four of Petitioner's state habeas appeals. The WVSCA's opinion on *Moss v. Trent* almost exclusively addressed the admission of the serology evidence at Petitioner's trial.

Therefore, Petitioner's claims regarding what is generally the validity of the  challenged serology evidence and its effect on the conviction are exhausted.

### 3.  Petitioner's Claims of Ineffective Assistance Of Counsel And Improper Remarks In Closing Are Exhausted.

In ground six, Petitioner claims the prosecutor made prejudicial remarks in closing arguments.  This claim was raised in Petitioner's direct appeal of his (second) conviction  and Petitioner's second habeas appeal.

In ground nine, Petitioner claims trial counsel was ineffective. The waters on this issue are muddied by supporting argument citing to the first trial court proceedings and claims of post conviction ineffective assistance of counsel (neither of which can form the basis for federal relief).

17

Regardless, Petitioner's claim of ineffective assistance of counsel for failure to investigate from the second trial is exhausted.

**4.    Petitioner Raises Claims That Are Exhausted But Are Procedurally Barred From Being Addressed By This Court.**

In ground seven, petitioner claims that the habeas court failed to comply with the mandate announced in *In the Matter of: Renewed Investigation of the State Police Crime Laboratory, Serology Division (Zain II)* by summarily dismissing his third state habeas without conducting a hearing or appointing counsel as required under said mandate.

This claim was raised in Petitioner's petition for habeas corpus filed in the original jurisdiction of the WVSCA.  Therefore, it has not been properly raised in a manner that would render it exhausted.  Petitioner's filing of an original habeas corpus petition to the West Virginia Supreme Court of Appeals does not meet the exhaustion requirement of 28 U.S.C. § 2254. *Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990).  In this jurisdiction, it is well established that the summary dismissal of an original jurisdiction petition to the West Virginia Supreme Court of Appeals seeking habeas corpus relief does not exhaust state remedies unless it is accompanied by a notation that the refusal is with prejudice.  *See*, *e.g.*, *Moore v. Kirby*, 879 F. Supp. at 593.  Therefore, this claim is barred from consideration by this Court.  Even were this claim exhausted, it cannot raise a federal issue because it is a challenge to a state post-conviction proceeding and to the application of state law by a state.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

In ground ten, Petitioner claims in the caption, that exculpatory evidence was withheld by the State.  In support of this argument, Petitioner incorporates by reference to all previous arguments

in support of all previous claims.  Petitioner does not, however, cite to the exculpatory evidence withheld by the State.  There is also no argument in prior state proceedings regarding exculpatory evidence as such. Although Petitioner does argue in the instant petition and in prior proceedings that the state failed to comply with discovery requests, (Petition at 9(b)). Petitioner did not couch any such argument within  the context of *Brady v. Maryland*, 373 U.S. 83 (1963).[7]  Rather, Petitioner raised discovery issues in challenging the suppression of the blood evidence within the context of a Fourth Amendment violation.

Because no due process claim pursuant to *Brady* was raised in state court, Petitioner cannot now raise it as such unless he can successfully argue when and where in the record it was raised and properly exhausted.  The claims raised herein cannot be somewhat similar to the claims raised in state court, they must be the same to satisfy exhaustion.  *Pitchess v. Davis*, 421 U.S. 482, 487 (1975); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

## V.

## <u>CONCLUSION</u>

Based upon the record available to the Respondent, it appears that the Petitioner has timely filed his current federal petition pursuant to 28 U.S.C. § 2244(d).

Regarding the exhaustion of state court remedies, it appears that all claims regarding the admissibility of the serology evidence and confession have been litigated over five habeas petitions

---

[6]*Brady v. Maryland*, 373 U.S. 83 (1963), creates a duty on the prosecution  to disclose evidence favorable to the accused that is material to guilt.  This disclosure requirement includes any information that, "if suppressed, would deprive the defendant of a fair trial," *United States v. Bagley*, 473 U.S. 667, 675 (1985).  Material evidence is evidence that would have "put the whole case in such a different light as to undermine confidence in the verdict[.]  *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

and three opinions issued by the West Virginia Supreme Court. These claims are fully exhausted.

Petitioner's claim that trial counsel was ineffective for failure to investigate is exhausted. However,

Petitioner's claims of ineffective assistance in the first trial (that was overturned) and ineffective

assistance of appellate counsel and post-conviction counsel cannot form the basis for relief.

Petitioner's claim of improper remarks by the state in closing is also exhausted. However,

Petitioner's claim that the state withheld exculpatory evidence was not presented to the state courts

properly and is exhausted but barred from consideration by this Court.

*Respectfully submitted*,

DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,
*Respondent,*

By counsel

DARRELL V. McGRAW, JR.
ATTORNEY GENERAL

/s/ *R. Christopher Smith*
R. Christopher Smith, Bar No.7269
Assistant Attorney General
Attorney for Respondent
Office of the Attorney General
State Capitol, Room 26-E
Charleston, West Virginia 25305
Telephone:     (304) 558-2021
Fax:             (304) 558-0140
E-mail:         rcs@wvago.gov

## INDEX OF EXHIBITS

Resp't Exhibit 1 . . . . . . . . . . . . . . . . . . . . . . . *State v. Moss, Jr.*, 376 S.E.2d. 569 (W .Va. 1988)

Resp't Exhibit 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Docket Sheet, 82-F-221

Resp't Exhibit 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Direct Appeal (of Second Conviction)

Resp't Exhibit 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Docket Sheet,  94-MISC-663

Resp't Exhibit 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Final Order, 94-MISC-663

Resp't Exhibit 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Habeas Appeal,  94-MISC-663

Resp't Exhibit 7 . . . . . . . . . . . . . . . . . . . . *John Moss, III v. Trent*, 603 S.E.2d 656 (W. Va. 2004)

Resp't Exhibit 8 . . . . . . . . . . . . *Moss v. Trent*, 543 U.S. 1128 (2005), Order Denying Certiorari

Resp't Exhibit 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Docket Sheet, 05-MISC-298

Resp't Exhibit 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Final Order, 05-MISC-298

Resp't Exhibit 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Habeas Appeal, 05-MISC-298

Resp't Exhibit 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Docket Sheet, 06-MISC-245

Resp't Exhibit 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Final Order, 06-MISC-245

Resp't Exhibit 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Habeas Appeal, 06-MISC-245

Resp't Exhibit 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Docket Sheet, 07-MISC-403

Resp't Exhibit 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Final Order, 07-MISC-403

Resp't Exhibit 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Habeas Appeal, 07-MISC-403

Resp't Exhibit 18 . . . . . . . . . . . . . . . . . . . . . . . Petition for Writ of Habeas Corpus, WVSCA

Resp't Exhibit 19 . . . . . . . . . . . . *In the Interest of John Moss, Jr.* , 295 S.E.2d 33 (W. Va. 1982)

### CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2010, I electronically filed the foregoing *Respondent's Answer on the Limited Issue of Timeliness of the Petition and Exhaustion of Available State Court Remedies* together with Exhibits 1 through 18 thereto with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, the aforesaid document(s) to the following non-CM/ECF participant:

> To: John Moss, III, DOC# 13734
> Mt. Olive Correctional Complex
> One Mountainside Way
> Mt. Olive,  WV 25185

> /s/ *R. Christopher Smith*
> R. Christopher Smith, Bar No.7269
> Assistant Attorney General
> Attorney for Respondent
> Office of the Attorney General
> State Capitol, Room 26-E
> Charleston, West Virginia 25305
> Telephone:      (304) 558-2021
> Fax:            (304) 558-0140
> E-mail:         rcs@wvago.gov