IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON



FILED
FEB 17 2010
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

JOHN MOSS, III,

      Petitioner,

v.                                         Civil Action No: 2:09-cv-01406
                                            (Magistrate Judge Mary E. Stanley)

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

      Respondent.

### PETITIONER'S REQUEST TO RESPOND TO "RESPONDENT'S ANSWER ON THE LIMITED ISSUE OF TIMELINESS OF THE PETITION AND EXHAUSTION OF AVAILABLE STATE COURT REMEDIES"

      The petitioner, John Moss, III, *pro se* (hereinafter "Petitioner"), pursuant to Rule 5(e) of the Federal Rules Governing Section 2254 Cases, hereby requests permission to submit his response to **"Respondent's Answer on the Limited Issue of Timeliness of the Petition and Exhaustion of Available State Court Remedies"** (hereinafter "Answer"). In support thereof, Petitioner asserts the following:

1.     On or about 15 December, 2009, Petitioner's § 2254 petition was filed in the United States District Court, Southern District of West Virginia, and, by standing Order of the Court, assigned to the Honorable Magistrate Judge Stanley;

2.     By Order entered 6 January, 2010, the respondent warden was directed to file, on or before 15 February, 2010, an answer or other pleading solely on the issues of timeliness of the petition and exhaustion of state court remedies;

3.     Respondent's Answer, along with 19 Exhibits, were certified electronically filed by the respondent on 9 February, 2010, and a copy mailed to Petitioner which he received on 10 February, 2010;

4.     Petitioner respectfully asserts Respondent's Answer possibly contained responsive pleadings outside the scope of the 6 January, 2010, Order, which said response(s) appear to be more proper for

a reply on the merits of Petitioner's claims for federal habeas corpus relief. Inasmuch as the 1/6/10 Order did not fix a date on which Petitioner could respond to the Answer, Petitioner respectfully objects to those portions that may not be deemed proper for such a pleading and requests that he be allowed to respond thereto, but that Petitioner's response not be considered a reply on the merits;

5. Petitioner, however, would respectfully join in and adopt Respondent's conclusions and assertions Petitioner's § 2254 petition was timely filed as required by the Anti-terrorism Effective Death Penalty Act "AEDPA," and the tolling principles of Title 28 U.S.C. § 2244(d), and/or otherwise was not a "delayed petition" as anticipated by the rules;

6. Petitioner also joins in and adopts Respondent's conclusions and assertions Petitioner's grounds were properly placed before the State's highest reviewing Court and, thus, exhausted. All that is, with the sole exception of Petitioner's claims the State violated doctrine announced by the Supreme Court of the United States in the case *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner, thereby, objects to Respondent's allegation a *Brady* issue was not raised before the State's highest reviewing Court. In reality, Petitioner placed the issue before the West Virginia Supreme Court of Appeals, in at least one instance, when Petitioner asserted, "This information which was known, or should have been known, by the prosecutor, [false and/or misleading evidence or testimony by a state serologist...] was withheld from Appellant, as well as the blood grouping data sheet... ." (*See* Resp't Exhibit 11, p. 32, Ground 4; *see also* p. 33, Ground 5.) No matter how inartfully raised, an incarcerated *pro se* petitioner's pleadings should be liberally construed to state a claim upon which habeas relief may be granted;

7. Although Petitioner's understanding of Respondent's Answer on this next point is somewhat vague, it appears to Petitioner Respondent asserts Petitioner was barred from returning to the state court(s) with additional grounds for state habeas corpus relief when the grounds presented in the first state habeas proceeding were denied and dismissed, and the WVSCA affirmed the denial. Respondent, apparently, claims any issues Petitioner returned to the state courts with after his first habeas proceeding prevents federal habeas corpus review of the defaulted claims, unless Petitioner can show cause and prejudice for the default. Respondent bases those claims upon West Virginia's habeas corpus laws. "Once the petitioner has had a full round of state court habeas proceedings and an appeal therefrom, he may not again proceed to request relief in state court (with limited exceptions). [*Losh v. McKenzie*, 277 S.E.2d 606], Syl. pt. 4." (Answer, p. 14.) If Respondent is, indeed, making those claims, Petitioner objects. West Virginia's habeas procedure bars additional claims when, only after some point in the proceedings, a petitioner is represented by counsel *and* an omnibus habeas corpus hearing is conducted. Respondent recognizes the same in his Answer. (Answer, p. 14: "Under West Virginia's habeas statutes, a habeas petitioner is entitled to only one omnibus habeas corpus hearing in which he must present all his claims, and the claims not presented are waived.") A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions

of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing. An omnibus habeas corpus hearing occurs when: (1) an applicant for habeas corpus is represented by counsel or appears *pro se*...; (2) the trial court inquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant; and, (4) the trial court drafts a comprehensive order including findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding. A review of the Kanawha County Circuit Court's Order denying habeas relief and dismissing Petitioner's first application for state post-conviction relief is totally devoid of a notation Petitioner was advised concerning his obligation to raise all grounds for post-conviction relief in that first proceeding. (*See* Resp't. Exhibit 5, *passim*.) No omnibus habeas corpus hearing was conducted in Petitioner's first habeas proceeding, although grounds raised therein were litigated. Under West Virginia law, then, an applicant for state post-conviction relief can file multiple petitions containing qualitatively the same or distinct issues and they could not be considered waived if an omnibus habeas corpus hearing was not conducted. Contrary to Respondent's claim that a "full hearing" was conducted by the state habeas court in Petitioner's first habeas proceeding (*see* Answer, p. 3), an omnibus habeas corpus hearing never has been conducted in any of Petitioner's applications for state post-conviction relief, whether *pro se* or represented by counsel. The only hearing conducted were evidentiary hearing(s) in the first proceeding, which, under state law, is materially distinct from an omnibus habeas corpus hearing. The issues and grounds in any petition filed by Petitioner would thus not be defaulted in the state courts or procedurally barred from federal habeas corpus review and to the extent Respondent asserts otherwise, Petitioner objects;

8.  In addition, the WVSCA created a "Special Zain" habeas proceeding wherein only Zain issues were to be raised. The Court allowed any issues not presented in a "Special Zain" habeas should be filed in a new petition for writ of habeas corpus. Thus, the WVSCA tacitly ruled that issues not raised during the "Special Zain" habeas proceeding would not be waived at the state level, or barred from federal habeas corpus review;

9.  Respondent asserts Petitioner's claims of ineffective assistance of counsel from the first trial cannot form the basis for federal habeas corpus review or relief. Respondent's assertions are misplaced inasmuch as a petitioner's claims of ineffective assistance of trial counsel at a previous trial are not *res judicata* when, on an appeal from the previous conviction a state appellate court, in overturning the conviction, did not expressly find that the accused's counsel rendered effective assistance. Petitioner objects to Respondent's assertions to the contrary. Respondent also asserts Petitioner has made claims of ineffective assistance of habeas counsel. Respondent's assertions thereon are based upon a misunderstanding of Petitioner's claims. Petitioner recognizes there is no

federally protected guarantee of effective assistance of counsel in state post-conviction proceedings. If Petitioner made references to habeas counsel, it was only to explain a factual point that is a proper ground for federal habeas corpus review. Any misunderstandings caused by Petitioner's pleadings are not the fault of the Respondent, but are the direct result of Petitioner's inability to meaningfully articulate his claims herein;

10. Respondent asserts Petitioner did not properly present Petitioner's claim to the WVSCA that the state habeas court failed to follow mandates of the WVSCA when Petitioner filed an application for state post-conviction relief under the rulings announced in the case, In the Matter of: Renewed Investigation of the State Police Crime Laboratory, Serology Division [Zain III]. Respondent's contention is misplaced inasmuch as Petitioner appealed the circuit court's summary denial and dismissal of Petitioner's Zain III petition to the WVSCA. As Respondent notes, Petitioner raised the following ground:

> 1. The trial court abused its discretion and committed reversible error in violation of due process when it summarily denied and dismissed Petitioner's petition under West Virginia Code §53-4A-1 for writ of habeas corpus without following the requirements of the statute and directives of this court from the decision in the case, In the Matter of: Renewed Investigation of the State Police Crime Laboratory, Serology Division.

Petitioner's claim, therefore, is properly exhausted. It is also proper for federal habeas review because of a lack of state corrective process and/or the fact Petitioner has been singled out as the only similarly situated prisoner in West Virginia that did not have the processes announced by the WVSCA in Zain III applied to his petition;

11. It is important Petitioner next address assertions by the Respondent that tends to reduce Petitioner's claims down to only two issues, i.e., the admission of serology evidence and Petitioner's confession. (Answer at p. 15, n.4.) As this Magistrate Judge will recognize, this is not the case. In fact, serology evidence or testimony by serologists or troopers of the West Virginia State Police Crime Laboratory, Serology Division, has been deemed inadmissible in Petitioner's case and thrown out. This Federal Court, then, must afford the presumption of correctness by the state courts unless it can be demonstrated the determination to disallow the serology evidence is unreasonable or contrary to prior precedent as announced by the United States Supreme Court, or is an erroneous determination of the facts as contained in the record of the underlying proceedings. Petitioner's claims for federal habeas corpus relief are more protean than Respondent would like for this Court to characterize them. Petitioner's claims include, inter alia, allegations of misdeeds by state actors leading to, at best, weak evidence the WVSCA hung its hat on in denying Petitioner relief; how those contemptible actions of state actors led to a false confession as well as depriving Petitioner a fair opportunity to litigate Fourth Amendment claims in the state court(s) prior to trial; and how, after the WVSCA recognized problems in the West Virginia State Police Crime Laboratory ran deeper than

merely Zain's involvement and announced procedural remedies, Petitioner was deprived of that guaranteed process to attempt to demonstrate his entitlement to relief after he discovered the wrongdoing; and, finally, the WVSCA's determination that Petitioner's confessions were voluntary is a gross miscarriage of justice. This Court should not boil Petitioner's claims down to only the two contentions Respondent wishes to defend against, and Petitioner objects to the characterization by Respondent to Petitioner's claims for federal habeas corpus relief.

Respondent also makes numerous mention of how some of Petitioner's claims have been litigated for almost thirty years, implying Petitioner has had ample opportunity for correct rulings, with the possible results of tainting this Magistrate Judge's first impression of Petitioner's case. Petitioner asserts he has not had an opportunity to present his claims with the assistance of counsel after discovering irrefutable evidence of the wrongdoing by the varied state actors. Petitioner requests this Magistrate Judge not allow Respondent's innuendoes to deflect focus from the pertinent issues.

Petitioner, based on the foregoing, asserts all his contentions for federal habeas corpus relief are proper for review by this Court, including his *Brady* claims. Respondent should be required to respond to Petitioner's claims on the facts contained in Petitioner's § 2254 petition and show why, if he can, Petitioner should not be afforded habeas relief. Petitioner should be granted an opportunity, with the assistance of counsel, to develop a record on the State's blood grouping table the State withheld prior to trial and has thereafter seemingly engaged in a concerted effort to thwart Petitioner's attempts to develop a factual record on (*see pro se* § 2254 Petition, Attached Additional Pages 9(a)-9(b), & 10(dd)-10(ii)) and that a ruling then be decided and entered.


Respectfully submitted by:

John Moss, III, *pro se*
Mount Olive Correctional Complex
One Mountainside Way
Mt. Olive, West Virginia 25185

On this 16th day of February, 2010.

Petitioner proceeding *pro se*