# MOSS v. BALLARD
# CASE NO. 2:09cv01406

# RESPONDENT'S EXHIBIT 5
# (SUPPLEMENTAL ORDER)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
02 FEB 15 AM 10: 21
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

JOHN MOSS, III

v.

Civil Action No. 94-MISC-663
Judge Louis H. Bloom

GEORGE TRENT, Warden of the
West Virginia Penitentiary

### AMENDED MEMORANDUM ORDER DENYING HABEAS RELIEF

The petitioner, John Moss, III, ("Moss") was convicted on April 24, 1990, in the Circuit Court of Kanawha County on three counts of first degree murder. Thereafter he filed the above-styled habeas corpus action seeking relief from his conviction on various grounds, including the involvement of the infamous State Police serologist, Fred Zain ("Zain"), in the underlying prosecution.

In its "Memorandum Order" entered on September 10, 1998, this Court gave an overview of the investigation into Zain and identified the following prophylactic rule adopted by the Supreme Court of Appeals of West Virginia in response to the problems generated by Zain:

> [A]ny testimonial or documentary evidence offered by Zain at any time in any criminal prosecution shall be deemed invalid, unreliable and inadmissible in determining whether to award a new trial in any subsequent habeas corpus proceeding.

The Memorandum Order further summarized the procedural and evidentiary background of the underlying criminal case. For the sake of brevity and simplicity, said Memorandum Order is adopted and incorporated by reference as if fully set forth in the body of this Order.

The Court concluded that, even if the serological evidence were excluded, there would

still be sufficient evidence in the record to support Moss's conviction. Accordingly, the Court concluded that, under the facts of the case, neither Zain's involvement in the serological testing nor Zain's testimony at Moss's trial were sufficient to support Moss's request for a new trial. The Memorandum Order was entered to that effect.

Thereafter, on September 21, 1998, Moss filed "Petitioner's Motion to Alter or Amend Order, to Correct Factual and Legal Errors, and to Reconsider Legal Conclusions." The chief thrust of this motion was that the Court failed to fully conduct the following analysis:

> "Where improper evidence of a nonconstitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury." Syllabus Point 2, *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980).

Syl. pt. 3, *In the Matter of an Investigation of West Virginia State Police Crime Laboratory, Serology Division*, 438 S.E.2d 501, 502 (W.Va. 1993). As noted above, the Court resolved the first question and determined that there was sufficient evidence to convict Moss of the murders even if the serological evidence and Zain's testimony were excluded from consideration.

The Court did not articulate any ruling on the final prong of the analysis. Specifically, the Court did not make any express ruling as to whether the admission of the Zain evidence "had any prejudicial effect on the jury." A hearing on the aforementioned motion was held on July 7, 2000, during which Moss's counsel pointed out, as follows, that this final portion of the analysis was not addressed in the Memorandum Order:

> [E]ven if the Court found, as you did, that the evidence is sufficient to support the conviction without Fred Zain's testimony, which is what you found, the second part of the test is was John Moss prejudiced by Fred Zain's testing and testimony, and that was the part that had not been addressed in your written order.

The Court's response was to inquire as to how the two issues were "severable . . . in this particular case." Thus, implicit in the Court's determinations 1) that this case was distinguishable from the typical Zain case, and 2) that the evidence supported the conviction, even if the Zain-related evidence and testimony were excised from the record, was an assessment that there was no prejudice to Moss flowing from "Zain's testing and testimony."

Moss argues that "Zain's evidence . . . shifted the balance of the evidence away from Reggettz and toward Petitioner [Moss]." The Memorandum Order contains a discussion of the evidence, which will not be duplicated herein. As noted in that discussion, Moss's own confession is a key piece of evidence that stands independently of any Zain-related evidence. Further, the confession is corroborated in a number of significant ways, which the Court has described as "indices of reliability." In focusing on Zain, Moss ignores the power of his own well-corroborated confession.

In light of the external indicia that Moss's confession was legitimate, the Court must conclude that the introduction of Zain-related evidence and testimony was not prejudicial within the meaning of Syllabus point 3 of *In the Matter of an Investigation of West Virginia State Police Crime Laboratory, Serology Division*, 438 S.E.2d 501, 502 (W.Va. 1993).

Accordingly, for the reasons set forth above and the reasons previously set forth in the incorporated Memorandum Order, entered September 10, 1998, the Court is of the opinion to, and does hereby, **DENY** the request for a new trial. This action is hereby **DISMISSED** and

3

**STRICKEN** from the docket of this Court.

The objection of the petitioner, John Moss, III, to entry of this Order is noted and preserved.

The Clerk of this Court is hereby directed to forward an attested copy of this Order to each counsel of record.

**ENTERED** this 15th day of February 2002.

Judge Louis H. Bloom

RECORDED



4