IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JOHN MOSS, III,**

    *Petitioner*,

v.                                                            Civil Action No. 2:09-cv-01406

**DAVID BALLARD, Warden,**
Mount Olive Correctional Complex,

    *Respondent*.

---

**RESPONDENT'S ANSWER**

---

**I.**

**INTRODUCTION**

    John Moss, III (hereinafter "the Petitioner"), filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus on December 15, 2009. By order entered January 6, 2010, the Honorable Mary E. Stanley, United States Magistrate Judge, ordered the Respondent to file an answer "solely on the issues of timeliness of the petition and exhaustion of state court remedies." Respondent answered as ordered and was then directed by this Court by order entered June 22, 2010, to answer the merits of the claims raised by Petitioner. Should this Court determine that this matter is not ripe for summary dismissal, Respondent reserves the right to present further evidence and argument in opposition to the Petitioner's claims at such time and place as the Court may direct.

## STATEMENT REGARDING TIMELINESS

Based upon the Procedural History as set forth in Respondent's memorandum of law, it appears that the present federal petition was timely filed within the one-year period of limitation prescribed by 28 U.S.C. §2244(d).

## STATEMENT REGARDING EXHAUSTION

Petitioner appears to have colorably exhausted his state remedies as required by 28 U.S.C. § 2254(b) as previously noted in Respondent's Answer on the Limited Issue of Timeliness and Exhaustion. However, Respondent reserves the right to assert additional argument regarding exhaustion should the evidence or legal grounds subsequently developed herein differ in any material respect from those presented in previous state court proceedings. As is more fully argued in Respondent's memorandum in support of summary judgment, Petitioner raises a nearly indeterminable number of claims attacking the admission of his confession and blood evidence at the trial in this matter. Because both issues have been so vastly and extensively analyzed by the West Virginia state courts, Respondent relied on state court findings on these two core issues without addressing the minutia of sub-claims that are defeated by the general determinations by the state courts on the admissions of both the confession and the blood evidence. Moreover, as previously argued in Respondent's Answer on the Limited Issue of Exhaustion and Timeliness filed February 9, 2010, Petitioner has received four full rounds of habeas review in state court in addition to the three full opinions reviewing Petitioner's conviction issued by the West Virginia Supreme Court of Appeals. As such, Petitioner is barred from returning to state court and any issue not adequately raised in state court is now barred from review in federal habeas corpus.

## STATEMENT REGARDING TRANSCRIPTS

Respondent requested from the Kanawha County Circuit Court, every available transcript from Petitioner's second trial, his *Zain I* state habeas proceedings, and all hearing transcripts still available from Petitioner's first trial. All hearing transcripts provided by the Kanawha County Circuit Clerk at included herein as exhibits even if not cited to in Respondent's memorandum in support of summary judgment filed herewith. They are as follows:

Respondent's Exhibit 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (Second) Trial Transcript

Respondent's Exhibit 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (First Trial)Juvenile Transfer Hr'g

Respondent's Exhibit 22 . . . . . . . . . . . . . . . . . . . . . . . . (First Trial) Suppression Hr'g (09/19/1983)

Respondent's Exhibit 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (94-MISC-663) Murphy Deposition (05/17/1995)(exhibits attached therewith)

Respondent's Exhibit 24 . . . . . . . . . . . . . . . . (94-MISC-663) Ted Smith Deposition (09/29/2002)

Respondent's Exhibit 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (94-MISC-663) David Bing Deposition (06/05/1995)(exhibits attached therewith)

Respondent's Exhibit 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Grand Jury Testimony (09/17/1982)

Respondent's Exhibit 27 . . . . . . . . . . . . . . . . . . . . . . . . . . (94-MISC-663) 06/10/2001 Habeas Hr'g

Respondent's Exhibit 28 . . . . . . . . . . . . . . . . . . . . . . . . . . (94-MISC-663) 01/17/2003 Habeas Hr'g

Respondent's Exhibit 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 03/03/1989 Second Trial Hr'gs

Respondent's Exhibit 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 03/19/1990 Second Trial Hr'gs

Respondent's Exhibit 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 04/13/1990 Second Trial Hr'gs

Respondent's Exhibit 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 04/16/1990 Second Trial Hr'gs

Every effort has been made by Respondent to locate and secure all available transcripts from Petitioner's second trial and Petitioner's *Zain I* habeas proceedings in order to have the most

complete record available before this Court. Every effort will also be made by Respondent to locate any additional transcripts this Court may require, upon request, if available.[1]

## PRAYER

Respondent prays that this Court will deny the relief sought by the Petitioner, and dismiss the "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody."

*Respectfully submitted*,

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,
*Respondent*,

*By counsel*,

DARRELL V. McGRAW, JR.
ATTORNEY GENERAL

/s/ *Robert D. Goldberg*
Robert D. Goldberg, Bar No. 7370
Assistant Attorney General
Attorney for Respondent
Office of the Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, West Virginia 25305-0220
Telephone: (304) 558-2021
Fax: (304) 558-0140
E-mail: robert.goldberg@wvago.gov

---

[1] Staff from the West Virginia Attorney General's Office personally examined the available records provided by the clerk's office that were retrieved from their storage facility. The availability of any additional records was not fully determined because of the amount of time that has transpired on this case and in light of the fact that there could possibly be additional records still remaining in storage. Staff only had access to what was retrieved by the clerk's office and brought to the Kanawha County Judicial Annex.

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2010, I electronically filed the foregoing "Respondent's Answer" with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, the aforesaid document to the following non-CM/ECF participant:

        John Moss, III, DOC # 13734
        Mt. Olive Correctional Complex
        One Mountainside Way
        Mt. Olive, WV 25185

        /s/ *Robert D. Goldberg*
        Robert D. Goldberg, Bar No. 7370
        Assistant Attorney General
        Attorney for Respondent
        Office of the Attorney General
        State Capitol Complex
        Building 1, Room E-26
        Charleston, West Virginia 25305-0220
        Telephone:   (304) 558-2021
        Fax:   (304) 558-0140
        E-mail:   robert.goldberg@wvago.gov