```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON

JOHN MOSS, III,

        Petitioner,

v.                                       Case No. 2:09-cv-01406

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

        Respondent.
```

### O R D E R

Pending before the court are Petitioner's Motion for an Evidentiary Hearing (docket sheet document # 24) and Petitioner's Motion for an Order Directing Respondent to Provide the Court with Additional Portions of the Record (# 25).

In the Motion for an Order Directing Respondent to Provide the Court with Additional Portions of the Record (# 25) (hereinafter "Motion to Supplement Record"), Petitioner asks the court to order Respondent to supplement the record before this court with the following documents:

1. Petitioner's pro se habeas petitions filed after 94-MISC-663 (Petitioner's Zain I habeas petition). Petitioner contends that these petitions are "critical for the Court to render a reasonably informed analysis of Petitioner's contentions for § 2254 habeas corpus relief . . . ." (Id. at 2).

2. All transcripts that have been entered in <u>State v. Reggettz</u>, Case No. 80-F-121 (Kan. Co. Cir. Ct.). Petitioner believes that these transcripts are also "critical for the Court to render an informed decision on Petitioner's claims." (<u>Id.</u>)

Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part:

> **(c) Contents: Transcripts.** The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of the existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative statement of the evidence.
>
> **(d) Contents: Briefs on Appeal and Opinions.** The respondent must also file with the answer a copy of: (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

Rule 7 of the Rules Governing 2254 Cases in the United States District Courts provides that the court may direct the parties to expand the record with materials related to the petition.

Respondent filed an Objection to Petitioner's motions (# 27), in which he asserts that "blood evidence developed during the investigation of Paul Reggettz ultimately turned the focus of the

investigation away from Reggettz and towards Petitioner." (Id. at 1-2).  Respondent adds, "Petitioner has presented no argument that satisfies the requirement for supplementing the record outside of what was before the state courts.  Therefore, there is no good cause for Respondent to provide the records in State v. Reggettz." (Id. at 5).  Respondent further asserts that the pro se petitions filed by Petitioner after his Zain I habeas petition cannot be used to present or argue the claims raised in his section 2254 petition, and that the records necessary to dispose of the claims raised herein by the state courts have been submitted.  (Id. at 5-6).

Upon review of the petition and all of the materials presented to this court to date, the undersigned **FINDS** that the record shall be expanded as follows:

1.  Counsel for Respondent shall supplement the record with copies of the pro se petitions filed by Petitioner in the Circuit Court of Kanawha County.  Based upon the undersigned's review of the docket sheets provided by Respondent in Exhibits 9, 12 and 15, the case numbers for the petitions that are hereby ordered to be produced are as follows: Case No. 05-MISC-298, Case No. 06-MISC-245 and Case No. 07-MISC-403.  A review of these petitions will enable this court to see what claims Petitioner raised therein in comparison with how the state court addressed those claims in the orders denying habeas corpus relief, which have already been provided.

3

2. Counsel for Respondent shall supplement the record with the portion of Petitioner's first trial transcript during which an <u>in camera</u> suppression hearing was held concerning the admissibility of one or more of Petitioner's "confessions" to law enforcement officials. From the undersigned's review, it appears that this <u>in camera</u> hearing took place at some point during the voir dire phase of Petitioner's first trial, Case No. 82-F-221, possibly on February 21, 1984. The undersigned **FINDS** that this portion of the record is necessary to a determination of how the admissibility of Petitioner's confessions was addressed prior to the SCAWV's ruling in the subsequent appeal, which led to the Circuit Court's finding that the SCAWV's ruling was "the law of the case" before the second trial.

3. It is further **ORDERED** that counsel for Respondent shall supplement the record with Petitioner's Motion to Suppress Blood Samples, Confessions and Other Physical Evidence and Memorandum in support thereof, which was filed in Petitioner's criminal case on or about October 3, 1983.

The undersigned notes that the transcripts from Paul Reggettz's case were made a part of the record in Petitioner's first Circuit Court habeas corpus matter, Case No. 94-MISC-663 (the <u>Zain I</u> petition), but they have not been produced herein. The undersigned further **FINDS** that supplementation of the record with records from proceedings in <u>State v. Reggettz</u>, Case No. 80-F-121 is

4

not necessary to the resolution of the claims raised in Petitioner's section 2254 petition.

Accordingly, it is hereby **ORDERED** that Petitioner's Motion to Supplement the Record (# 25) be **GRANTED** in part and **DENIED** in part. It is further **ORDERED** that the documents directed to be added to the record be filed and served on Petitioner by **May 5, 2011**.

Turning to Petitioner's Motion for an Evidentiary Hearing (# 24), Petitioner's motion states in pertinent part:

> When the Court has the state record before it [footnote omitted] and the record contains factfinding contrary to the petitioner's allegations, those findings are not a sufficient basis for summary dismissal unless the pleadings and attachments establish as to each finding the prerequisites to the presumption of correctness, i.e., that the findings were (1) made in writing or at a transcribed hearing, (2) by a court of competent jurisdiction, (3) in a proceeding to which the petitioner and state were parties, (4) following an evidentiary hearing on the merits of all the determinative factual issues, and (5) qualify as findings of historical fact rather than determinations of purely legal or mixed legal and factual issues. And, even if the record is before the Court and contains state court factdfindings that satisfy those five requirements, and are dispositive of all the controlling factual issues in the case, the presumption of correctness still affords no basis for summary judgment if the record indicates or the petitioner pleads fact which, if true, establish that either (6) the state court proceedings that produced those findings were not "full and fair," Townsend v. Sain, 372 U.S. 293 (1963), or (7) the state court factfinding is clearly wrong. U.S.C.A., § 2254(e)(1)(presumption of correctness may be rebutted by clear and convincing evidence). If as is likely, the Court cannot be certain on the basis of the state court factfindings and record that the findings are reliable, that they were the result of full and fair proceedings, *and* that they are impervious to even extra-record proof that they are clearly wrong, summary dismissal is not

permissible. Instead, further fact development proceedings should take place to determine what disposition is appropriate, unless it can be demonstrated a petitioner has deliberately bypassed a state court hearing on the issue. <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992).

(# 24 at 2). Petitioner's motion further asserts:

>The portions of the state court record this Court has before it, as well as Petitioner's allegations, are sufficient to demonstrate the state courts' determinations of the key facts Petitioner relies on in his § 2254 petitioner were either ignored by the state courts, clearly erroneous, or the procedures employed to reach such determinations were incomplete and/or not full and fair.
>
>The January, 1980 Blood Grouping Table (Bates No. 10, Resp't. Exh. 23) is one of the most glaring examples of the failure by the state courts to render a specific factual determination on Petitioner's contentions of how the state had samples of Petitioner's blood in January 1980. [Footnote omitted]
>
>Next, Petitioner contends that objections were made to all three "confessions." The lower court erroneously ruled objections were entered only on one when it is clear objections **were** entered on all three. In September, 1983, a hearing was held on Petitioner's motion to suppress, *inter alia*, Petitioner's "confessions" because, *inter alia*, Petitioner was not promptly presented to a neutral judicial officer, and the reason for the delay was to obtain Petitioner's confession. (Resp't. Exh. 22, *passim*). On or about 12 October 1983, the lower court issued a ruling from the bench on the issue litigated during the September 1983 hearing. The ruling was not reduced to writing and the hearing was not transcribed. [FN 3 - See Petitioner's Application Under W. Va. Code § 53-4A-1 For State Post-Conviction Relief, and Memorandum in support thereof, in Kanawha County Circuit Court No. 05-MISC-298, pp. 17-19; Petitioner's Application Under W. Va. Code § 53-4A-1 For State Post-Conviction Relief, and Memorandum in support thereof, filed under the WVSCA original jurisdiction rules, pp. 14-16]. Under West Virginia law, running objections are not required. [FN 4- for a discussion of West Virginia law on this point, see Petitioners petition

> for appeal in Kanawha County Case No. 05-MISC-298, pp. 22-27.  WVSCA No. 061721, or 070678.]
>
> Finally, no factual determination has been made on Petitioner's contentions of ineffective assistance of counsel, which is a mixed question of law and fact.  For this Court to render a reasonably informed decision on Petitioner's contentions of ineffective assistance of counsel, an evidentiary hearing should be conducted to determine the facts of these contentions, as well as to satisfy any questions of possible reasonable strategy and/or tactics by trial counsel.

(Id. at 3-4).

Respondent's Objections to the Motion for an Evidentiary Hearing (# 27) asserts that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record."  Schriro v. Landrigan, 550 U.S. 465, 474 (2007).  The Objections further state:

> Many of Petitioner's grounds rest on his claim that his confession was coerced but Petitioner's confession was found by state reviewing courts to have been voluntarily given.  Unless Petitioner can cite to facts which could put the state courts' findings in dispute, the record stand on this issue.  Instead, Petitioner's argument amounts to no more than conclusory, unsupported, and self-serving statements and that cannot justify a hearing.  Sierra Club v. Slater, 120 F.3d 623, 628 (6th Cir. 1997)(holding that the denial of a plaintiff's request to take a deposition was not an abuse of discretion because the plaintiff had failed to show "how the deposition would have aided their opposition to summary judgment.")

(Id. at 8-9).

The parties filed additional documents in which a disagreement has arisen concerning statements made by Respondent about how and when the State determined that Petitioner was a suspect in this

7

murder case. The undersigned does not find it necessary at this time to address the positions of the parties on this issue. Rather, the parties' positions on the facts will be addressed as necessary in a document entitled "Proposed Findings and Recommendation" which will be submitted in the future.

Based upon the undersigned's review of all of the evidence of record, and the arguments of the parties concerning the Motion for an Evidentiary Hearing, the undersigned **FINDS** that, at this point, Petitioner has not met the burden of showing that an evidentiary hearing is necessary to a determination on the merits of any of the claims raised in his section 2254 petition. Accordingly, it is hereby **ORDERED** that Petitioner's Motion for an Evidentiary Hearing (# 24) be **DENIED**. If the undersigned determines that additional evidence is needed to aid decision-making, a hearing will be conducted.

Pending before the court is Respondent's Motion for Summary Judgment (# 17). After being advised of his right and obligation to respond to Respondent's motion, pursuant to the holding in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)(# 22), Petitioner has filed a Response to the Motion for Summary Judgment (# 23), and Respondent has filed a Reply (# 26). Upon receipt of the additional records as ordered above, this matter will be ripe for determination. There is no need for additional briefing, and the parties are hereby **ORDERED** not to submit any additional

documents, unless so ordered by the court.

The Clerk is directed to mail a copy of this Order to Petitioner and to transmit a copy to counsel of record.

ENTER: April 21, 2011

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge