**John Moss, III, DOC# 13734**
Mount Olive Correctional Complex
One Mountainside Way
Mt. Olive, West Virginia 25185
MOCC Telephone: 304.442.7213

May 16, 2011

The Honorable Mary E. Stanley, Magistrate Judge
United States District Court
Southern District of West Virginia
300 Virginia Street East, Room 2400
Charleston, WV 25301



FILED
MAY 17 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Re: **Moss v. Ballard, Warden**
**Civil Action No. 2:09-cv-01406**

Dear Magistrate Stanley:

 I am the petitioner in the above styled §2254 proceeding. By Order entered 21 April, 2011, (No. 31) Your Honor directed the Attorney General to provide the Court with additional documents to aid the Court in its deliberations. Among other documents, the Court requested "...the portion of Petitioner's first trial transcript during which an *in camera* suppresion hearing was held concerning the admissibility of one or more of Petitioner's 'confessions' to law enforcement officials." The Court was correct the hearing took place during *voir dire*. The Court requested the respondent to provide the transcript on or before 5 May, 2011.

 On that date, counsel for Respondent, Robert D. Goldberg, Esq., filed the Respondent's motion for additional time to provide the material (No. 32). The Court granted the motion and extended the time to 13 May, 2011, to provide the documents as directed (No. 33). However, on 11 May, 2011, Petitioner received the **Respondent's Response To Court's Order For Additional Records** (No. 35). Respondent dubiously claims the Kanawha County Clerk's Office cannot find records they are charged with keeping secure. Specifically, Respondent contends that "...volume III of the 1984 trial transcript is missing or misplaced... ." Respondent does not say anything about the remaining fifteen (15) Volumes of the first trial transcripts.

 I realize I was directed by the Court not to submit any further filings in this case, and that receiving transcript portions from a prisoner may not be standard operating procedure, however, due to the fact Respondent failed to obey the Court's Order and provide the transcript, as well as the

The Honorable Mary E. Stanley
May 16, 2011
Page Two
Re: Moss v. Ballard; 2:09-cv-01406

considerable importance of the matter, I would like to provide those portions of the transcript the Court feels are necessary for a reasoned determination of my ground for habeas corpus relief, if, for no other reason, than to let the Court know a transcript of that hearing does exist. Therefore, I have mailed pages 680-690, and 1,937-2,065 to the District Court Clerk's Office and asked the Clerk to make the necessary number of copies, if the Court allows, to provide a copy to Your Honor as well as the Respondent, and then to send the original copy back to me. Those pages are all the portions of the transcipt I can find that records anything on the hearing. The omitted pages deal with other matters not specifically pertaining to the subject at hand.

    I am providing only those pages of my original copy of the transcripts because the information the Court wanted is spread across three volumes. Pages 680-690 are in Volume 4, and the rest are contained in volumes 8 & 9 respectively. The prison improperly charges prisoners 15¢ per page for copying, even documents going to the courts. This makes copying the three entire volumes, even these some 138 pages, cost prohibitive for me, not to mention postage.

    Also, the Court requested Respondent provide "...Petitioner's Motion to Suppress Blood Samples, Confessions and Other Physical Evidence[,] and Memorandum in support thereof, which was filed in Petitioner's criminal case on or about October 3, 1983." The Court requested Respondent also provide those documents by May 5, 2011. Respondent did provide the *Memorandum In Support of Motion to Suppress...*, which was filed on 3 October, 1983. However, one copy is listed as an exhibit to my petition for state post-conviction relief, Kanawha County No. 05-MISC-298, Respondent's Exhibit #34, and another copy is contained, in its entirety, in Respondent's Exhibit #37. When copying the *Memo*, which was included as an exhibit to my state habeas petition, Respondent apparently inadvertently omitted all the odd numbered pages. The copy of the *Memo* in Exhibit #37 is complete.

    The *Motion To Suppress Confession*, along with separate motions to suppress the blood and physical evidence, all were filed on or about 23 March, 1983, not 3 October, 1983, and may be the reason Respondent could not find them. I am including a copy of all those motions as well.

    Also, Respondent did not provide the first trial records to the Court and has waived any response to my claims of ineffective assistance of trial counsel from the first trial when he stated in his *Respondent's Memorandum Of Law In Support Of Motion For Summary Judgment*, "Petitioner's claims of ineffective assistance stemming from the first trial proceedings will not be addressed... ." (No. 18, p. 60, n 11.) However, as the Court recognizes, it is crucial the Court has an opportunity to review the first trial transcript in order to; 1) Make a reasoned determination of my claims of ineffective assistance of counsel at the first trial and appeal, and 2) To compare the first trial

The Honorable Mary E. Stanley
May 16, 2011
Page Three
Re: Moss v. Ballard; 2:09-cv-01406

counsel's performance with counsel's peformance at the second trial, and the resulting prejudicial acts and/or omissions resulting from the totality of the circumstances therefrom. I have a complete, to my knowledge, copy of the first trial proceedings and would be happy to provide the Court with any portions thereof Your Honor feels would aid the Court in deliberations.

Finally, due to the fact Your Honor is gathering information and deliberating on how the circuit court arrived at a ruling of law of the case, I would like to provide the Court with the Affidavit of what I recall the court stated in its ruling from the bench on or about 12 October, 1983, which said ruling was not transcribed, or reduced to writing. However, the court later issued an Opinion Letter, dated 29 December, 1983, copies of which I am providing the Clerk's Office. As this Court can see, the lower court ignored or overlooked Mr. McKittrick's argument on presenting me to a neutral judicial officer.

Thank you for your time and consideration in this matter. I would be pleased if I can be of any further assistance.

Sincerely yours,

John Moss, III

cc: Robert D. Goldberg, Assistant AG
Ms. Cathy Gatson, Clerk
file