IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

    Plaintiff,

v.                          CR-82-F-221
                          (Judge Hey)

JOHN MOSS, JR., a/k/a
JOHN MOSS, III,

    Defendant.

FILED
In Kanawha Circuit Court
Clerk's Office

MAR 23 1983

Phyllis Jean Cole
CLERK

## MOTION TO SUPRESS

Now comes the defendant herein, by his counsels, Parrish McKittrick, Harry C. Taylor, II, and William E. Murray, and moves this Honorable Court to suppress any and all items presently in the possession of the State or any agency or representative thereof, which were allegedly taken from the home of John Moss'parents in Cleveland, Ohio, pursuant to a search conducted of the residence of defendant's parents on Zoeter Avenue in Cleveland, Ohio, by representatives and/or agents of the West Virginia Department of Public Safety in October of 1980 for the reason that there is no independent connection between these items allegedly taken from said residence and the home occupied by the Reggettz family at 7027 Chesapeake Avenue in St. Albans, Kanawha County, West Virginia. This Motion to Suppress includes, but is not limited to, a camera, any and all parts of a rifle or gun found in said residence, and any and all other items so seized by agents of the West Virginia Department of Public Safety. There is no independent evidence to corroborate that these items were taken from the Reggettz residence.

This Motion to Suppress will be based upon the attached affidavit, the transcripts of Preliminary Hearing and Transfer Hearings held herein to date, the matters of record, and the arguments of counsel.

WHEREFORE, the defendant, John Moss, hereby moves this Court to Suppress any and all items seized from the home of defendant's parents on Zoeter Avenue in Cleveland, Ohio for the reasons so stated.

JOHN MOSS, III
By Counsel

McKittrick & Vaughan
450 Second Street
St. Albans, W.Va.  25177
Counsels for Defendant

By:

_____
Parrish McKittrick

_____
Harry C. Taylor, II

_____
William E. Murray

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

    Plaintiff,

v.                                           CR-82-F-221
                                               (Judge Hey)

JOHN MOSS, JR., a/k/a
JOHN MOSS, III,

    Defendant.

## AFFIDAVIT

STATE OF WEST VIRGINIA:

COUNTY OF KANAWHA:

    Affiant, after being duly sworn, deposes and says as follows:

    1. That I am Harry C. Taylor, II, of McKittrick & Vaughan, one of counsel for defendant herein.

    2. That I am knowledgeable of the contents of certain pre-trial discovery materials afforded the defense in the above-referenced matter and I have read the transcripts of the Preliminary Hearing and Transfer Hearings held herein to date.

    3. That during the Preliminary Hearing and Second Transfer Hearing held in the instant case, Trooper Terry Williams of the West Virginia Department of Public Safety testified that certain items were allegedly taken from the residence of defendant's parents in Cleveland, Ohio pursuant to a search which was conducted of said residence.

    4. That during this testimony, Trooper Williams stated that the only evidence he had to connect these items to the Reggettz residence in St. Albans, Kanawha County, West Virginia, was contained in the alleged confession of John Moss, the defendant herein.

5. That based upon the foregoing and the pre-trial discovery materials afforded the defense, I verily believe that there is no independent evidence to substantiate that the items taken from the residence of defendant's parents in Cleveland, Ohio were taken from, or connected with, the Reggettz residence in St. Albans, Kanawha County, West Virginia.

6. That this affidavit is made by affiant herein in support of the Motion to which is is attached.

_/s/ Harry C. Taylor, II_
HARRY C. TAYLOR, II

STATE OF WEST VIRGINIA,

COUNTY OF KANAWHA, to-wit:

I, _Susan C. McCracken_, a Notary in and for said County and State, do hereby certify that HARRY C. TAYLOR, II, whose name is signed to the foregoing writing, has this day acknowledged the same before me in my said County.

Given under my hand this _22nd_ day of _March_, 1983.

My commission expires _November 5, 1990_.

_/s/ Susan C. McCracken_
NOTARY PUBLIC

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

    Plaintiff,

v.                         CR-82-F-221
                          (Judge Hey)

JOHN MOSS, JR., a/k/a
JOHN MOSS, III,

    Defendant.

FILED
In Kanawha Circuit Court
Clerk's Office

MAR 23 1983

Phyllis Jean Cole
CLERK

## MOTION TO SUPPRESS

Comes now the defendant herein by his counsels, Parrish McKittrick, Harry C. Taylor, II, and William E. Murray, and moves this Honorable Court to suppress the samples of blood taken from John Moss by representatives, agents, and/or employees of the West Virginia Department of Public Safety in Ohio and the results of the analyses thereof.

The defendant's MOTION TO SUPPRESS is predicated upon the following:

    1. That the blood samples were obtained in violation of defendant's constitutional rights as guaranteed under the Constitution of the United States and the State of West Virginia.

    2. That the blood samples were obtained at a point in time when the point of the investigation became accusatory in nature and any samples so given by the defendant were without the assistance of counsel and other constitutional guarantees.

    3. That the defendant herein was not fully apprised of his constitutional rights prior to giving said blood samples.

4. That the blood samples were obtained in derogation of any and all constitutional rights to which the defendant is entitled, and therefore, said blood samples were the product of coercion.

5. That said blood samples were obtained when said defendant was a juvenile under the laws of the State of West Virginia and had not been transferred officially to the criminal jurisdiction of this Court.

6. That said blood samples were obtained while defendant herein was not considered to be a suspect for the charges at issue herein.

7. That said blood samples were obtained from defendant while he was a juvenile and without the presence of counsel or a responsible adult being present.

8. That said blood samples were obtained without the presence of his attorney.

9. That said blood samples were obtained when the defendant's will had been overborne and he was compelled to do what he did.

10. That the process of obtaining said blood samples were without regard for defendant's fundamental rights and was conducted improperly.

11. That the blood samples were obtained in violation of defendant's due process rights.

12. That the blood samples were obtained without notice to defendant's parents.

13. That the blood samples were obtained without probable cause to believe defendant was a suspect and/or committed the crimes for which he is charged.

WHEREFORE, the defendant herein moves the Court for the entry of an ORDER that will suppress any blood samples obtained from defendant herein in Ohio by authorities of the State of West Virginia. The defendant further moves the Court for the entry of an ORDER requiring an evidentiary hearing be held in advance of the trial of this indictment.

                                                JOHN MOSS, III
                                                By Counsel

McKittrick & Vaughan
450 Second Street
St. Albans, W.Va.  25177
Counsels for Defendant

By: _____
Parrish McKittrick

_____
Harry C. Taylor, II

_____
William E. Murray

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

    Plaintiff,

v.                                    CR-82-F-221
                                      (Judge Hey)

JOHN MOSS, JR., a/k/a
JOHN MOSS, III,

    Defendant.

## VERIFICATION

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, to-wit:

    _John Moss, III_, the defendant in the case at issue herein, having been first duly sworn, says the allegations and statements contained in the hereto annexed Motion to Suppress Blood Samples are true and correct to the best of his knowledge, information, and belief.

                                              _John Moss III_
                                              JOHN MOSS, III

STATE OF WEST VIRGINIA,

COUNTY OF KANAWHA, to-wit:

    I, _William E. Murray_, a Notary in and for said County and State, do hereby certify that JOHN MOSS, III, whose name is signed to the foregoing writing, has this day acknowledged the same before me in my said County.

    Given under my hand this _23rd_ day of _March_, 1983.

    My commission expires _25 August 1991_.

                                              _Will E. Murray_
                                              NOTARY PUBLIC

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

    Plaintiff,

v.                    CR-82-F-221
                     (Judge Hey)

JOHN MOSS, JR., a/k/a
JOHN MOSS, III,

    Defendant.

F I L E D
In Kanawha Circuit Court
Clerk's Office

MAR 23 1983

Phyllis Jean Cole
CLERK

## MOTION TO SUPRESS CONFESSION

Now comes the defendant in the above-styled case by his counsels, Parrish McKittrick, Harry C. Taylor, II, and William E. Murray, and moves this Honorable Court to suppress any statements, confessions, or conversations, oral or written, and any testimony relating thereto, either as to the fact of the statement, confession, or conversation being made or its contents, and any evidence which was obtained by virtue of a conversation made by the defendant to any member of a law enforcement agency, or to any other person in the presence of these people at any time, on the following grounds:

    1.  That the statement was obtained or conversation held without his attorney being present to advise him.

    2.  That the statement or confession was obtained or conversation held in violation of defendant's constitutional rights under the Constitution of the State of West Virginia, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

3. That the defendant was not advised fully or properly or completely of his constitutional rights prior to the questioning of the defendant, or the conversation with the defendant.

4. That the statements made or conversations held on the dates alleged were the product of fraud, trickery, and/or coercion practiced on the defendant by servants, agents, and/or employees of the State of West Virginia.

5. That the statement or confession or conversation was obtained only after the defendant's will had been overborne, and he had been compelled to say what he did at that time.

6. That the process of interrogation resulting in the statement, confession, or conversation from defendant was conducted improperly and without regard for defendant's fundamental rights.

7. That the statement, confession, or conversation was obtained unlawfully while during the course of another investigation being conducted by law enforcement authorities. Wherein law enforcement authorities lacked probable cause to take the defendant into custody.

8. That the statement, confession, or conversation was obtained in violation of defendant's due process rights and in violation of the provisions of the Interstate Compact on Detainers and the law which has interpreted and applied the Interstate Compact on Detainers for the reason that defendant herein was denied a pre-transfer hearing.

9. That the statement or confession was obtained without advising the defendant that he had a right to remain silent.

10. That the statement or confession was obtained or the conversation held after the process of investigation became accusatory in nature and any statement so made by the defendant was without the assistance of counsel and that no adequate or intelligent waiver of defendant's right to counsel or other constitutional guarantees had been waived.

11. That the defendant was not advised of his right to counsel until after part of the statement or confession was made.

12. That the statement was obtained or conversation held without a parent or responsible adult being present. Since defendant herein was brought back to West Virginia and

initially dealt with as a juvenile and no notice of any such transfer or return was given to defendant's parents or to a responsible adult.

13. That the statement was obtained or conversation held only after the defendant had become a suspect as a result of a blood sample which had been obtained in violation of defendant's constitutional rights.

14. That the statement was obtained or the conversation held while the defendant was being returned to the State of West Virginia on a detainer for a warrant which has not been prosecuted by the State of West Virginia, and therefore, said statement or conversation held is the fruit of the poisonous tree and was illegally obtained.

WHEREFORE, the defendant moves the Court to suppress the statement, conversations, confessions, contents, and any evidence obtained thereby since the method of obtaining said statement, confession, or conversation violated defendant's constitutional rights, and that a hearing prior to trial be held thereon to avoid the prejudice which would be caused defendant if he is required to object to any such evidence at the trial in front of the jury.

JOHN MOSS, III<br>
By Counsel

McKittrick & Vaughan
450 Second Street
St. Albans, W.Va. 25177
Counsels for Defendant

By:

_____
Parrish McKittrick

_____
Harry C. Taylor, II

_____
William E. Murray

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

    Plaintiff,

v.                               CR-82-F-221
                                (Judge Hey)

JOHN MOSS, JR. a/k/a
JOHN MOSS, III,

    Defendant

## VERIFICATION

STATE OF WEST VIRGINIA,

COUNTY OF KANAWHA, to-wit:

    _John Moss III_, the defendant in the case at issue herein, having been first duly sworn, says the allegations and statements contained in the hereto annexed Motion to Suppress Confession are true and correct to the best of his knowledge, information, and belief.

                                                     _John Moss III_
                                                     JOHN MOSS, III

STATE OF WEST VIRGINIA,

COUNTY OF KANAWHA, to-wit:

    I, _William E. Murray_, a Notary in and for said County and State, do hereby certify that JOHN MOSS, III, whose name is signed to the foregoing writing, has this day acknowledged the same before me in my said County.

    Given under my hand this _23rd_ day of _March_, 1983.
    My commission expires _25 August 1991_.

                                                     _William E. Murray_
                                                     NOTARY PUBLIC